**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**Los Angeles DIVISION**

In re: J.S.M. HEYRI, INC.  § Case No. 2:16-bk-27007-BB
§
§
§
     Debtor(s)

**NOTICE OF TRUSTEE'S FINAL REPORT AND**
**APPLICATIONS FOR COMPENSATION**
**AND DEADLINE TO OBJECT (NFR)**

  Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that John J. Menchaca, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

  The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

United States Bankruptcy Court
Edward R. Roybal Federal Building
255 E. Temple Street
Los Angeles, CA 90012

  A hearing on the Trustee's Final Report and Applications for Compensation will be held at 2:00 p.m. on March 20, 2019, 2019, in Courtroom 1539 United States Bankruptcy Court located in Edward R. Roybal Building and Courthouse located at 255 E. Temple Street, Los Angeles, California 90012.  Any person wishing to object to any fee application that has not already been approved, or to the Trustee's Final Report, must be served and filed at least 14 days prior to the hearing in the form required by LBR 9013-1(f).  Untimely objections may be deemed waived.  In the absence of a timely objection by the United States Trustee or other party in interest, the Court may discharge the Chapter 7 Trustee and close the case without reviewing the Final Report and Account or determining the merits of the Chapter 7 Trustee's certification that the estate has been fully administered.  See Federal Rule of Bankruptcy Procedure 5009.

Date Mailed: 02/12/2019          By: /s/ John J .Menchaca
                            Trustee

John J. Menchaca
835 Wilshire Blvd.
Suite 300
Los Angeles, CA 90017
(213) 683-0349

**UST Form 101-7-NFR (10/1/2010)**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**Los Angeles DIVISION**

In re:J.S.M. HEYRI, INC.   § Case No. 2:16-bk-27007-BB
                          §
                          §
                          §
   Debtor(s)

**SUMMARY OF TRUSTEE'S FINAL REPORT**
**AND APPLICATIONS FOR COMPENSATION**

| | |
|---|---:|
| *The Final Report shows receipts of :* | $ 240,000.00 |
| *and approved disbursements of:* | $ 660.82 |
| *leaving a balance on hand of[1]:* | $ 239,339.18 |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

| | |
|---|---:|
| Total to be paid to secured creditors: | $ 0.00 |
| Remaining balance: | $ 239,339.18 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---:|---:|---:|
| Trustee, Fees - John J. Menchaca | 12,300.00 | 0.00 | 12,300.00 |
| Accountant for Trustee, Fees - Menchaca & Company, LLP | 4,015.80 | 0.00 | 4,015.80 |
| Accountant for Trustee, Expenses - Menchaca & Company, LLP | 34.20 | 0.00 | 34.20 |
| Other State or Local Taxes (post-petition) - Franchise Tax Board | 1,629.37 | 0.00 | 1,629.37 |
| Attorney for Trustee Fees (Other Firm) - Levene, Neale, Bender, Yoo & Brill L.L. | 23,750.00 | 0.00 | 23,750.00 |
| Special Counsel for Trustee Fees - Kring & Chung, LLP | 159,900.00 | 0.00 | 159,900.00 |

[1]The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-NFR (10/1/2010)**

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---:|---:|---:|
| Attorney for Trustee Expenses (Other Firm) - Levene, Neale, Bender, Yoo & Brill L.L.P. | 0.00 | 0.00 | 0.00 |
| Special Counsel for Trustee Expenses - Kring & Chung, LLP | 0.00 | 0.00 | 0.00 |

Total to be paid for chapter 7 administrative expenses: $ 201,629.37
Remaining balance: $ 37,709.81

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 37,709.81

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $9,509.10 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
|  | Internal Revenue Service | 5,897.30 | 0.00 | 5,897.30 |
| 1-2 P | FRANCHISE TAX BOARD | 3,611.80 | 0.00 | 3,611.80 |

Total to be paid for priority claims: $ 9,509.10
Remaining balance: $ 28,200.71

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| |
|---|
| None |

**UST Form 101-7-NFR (10/1/2010)**

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | None | | |

|  |  |  |
|---|---|---|
| Total to be paid for timely general unsecured claims: | $ | 0.00 |
| Remaining balance: | $ | 28,200.71 |

Tardily filed claims of general (unsecured) creditors totaling $400,000.00 have been allowed and will be paid <u>pro rata</u> only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 7.1 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | Sun Hee Jung Suh Law Group, APC | 0.00 | 0.00 | 0.00 |
| 3 | Hyun Joo Jang | 400,000.00 | 0.00 | 28,200.71 |

|  |  |  |
|---|---|---|
| Total to be paid for tardily filed general unsecured claims: | $ | 28,200.71 |
| Remaining balance: | $ | 0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $1,601.99 have been allowed and will be paid <u>pro rata</u> only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
|  | Internal Revenue Service | 1,174.29 | 0.00 | 0.00 |
| 1-2U | FRANCHISE TAX BOARD | 427.70 | 0.00 | 0.00 |

|  |  |  |
|---|---|---|
| Total to be paid for subordinated claims: | $ | 0.00 |
| Remaining balance: | $ | 0.00 |

**UST Form 101-7-NFR (10/1/2010)**

                                              Prepared By: /s/ John J. Menchaca
                                                                                   Trustee

John J. Menchaca
835 Wilshire Blvd.
Suite 300
Los Angeles, CA 90017
(213) 683-0349

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-NFR (10/1/2010)**